1  MCGREGOR W. SCOTT
   United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                     EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,              CASE NO.  2:17-CR-151-MCE

12                          Plaintiff,     STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13                  v.                      ORDER

14  HOWARD DUCE SIMON,                     DATE: May 21, 2020
                                           TIME: 10:00 a.m.
15                          Defendant.     COURT: Hon. Morrison C. England, Jr.

16

17        This matter was set for a status conference on May 21, 2020, and moved to June 11, 2020, on the

18  Court's on motion, citing the interests of public health and safety and excluding time under the Speedy

19  Trial Act.  The parties now request that the Court continue the status conference to July 16, 2020.  To

20  the extent it is needed, this stipulation supplements the basis for exclusion of time under General Order

21  611, 612, and 617, and requests that the Court also exclude time under Local Code T4, for the reasons

22  set forth below.

23        On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

24  Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

25  continue all criminal matters to a date after June 1.  This and previous General Orders were entered to

26  address public health concerns related to COVID-19.

27        Although the General Orders address the district-wide health concern, the Supreme Court has

28  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

STIPULATION REGARDING EXCLUDABLE TIME                  1
PERIODS UNDER SPEEDY TRIAL ACT

1  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

2  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

3  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

4  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

5  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

6  or in writing").

7          Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

8  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

9  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

10  the ends of justice served by taking such action outweigh the best interest of the public and the

11  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

12  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

13  ends of justice served by the granting of such continuance outweigh the best interests of the public and

14  the defendant in a speedy trial."  *Id.*

15          The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

16  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

17  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

18  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

19  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

20  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

21  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

22  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

23  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

24          In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4).[1]  The parties note that the Court has already designated

27

28  ---
    [1] The parties note that General Order 612 acknowledges that a district judge may make
    "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
    Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1  a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010)

2  (noting any pretrial continuance must be "specifically limited in time").

3  **STIPULATION**

4  Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6  1.      By previous order, this matter was set for status on May 21, 2020.

7  2.      By this stipulation, defendant now moves to continue this hearing to July 16, 2020, at

8  10:00 a.m., and to exclude time between May 21, 2020, and July 16, 2020, under Local Code T4.

9  3.      The parties agree and stipulate, and request that the Court find the following:

10      a)      The government has represented that the discovery associated with this case

11      includes investigative and police reports, laboratory reports, and photographs.  All of this

12      discovery has been either produced directly to counsel and/or made available for inspection and

13      copying.

14      b)      Counsel for defendant desires additional time to consult with his client.  In

15      addition, defense counsel has asked the government to review information bearing on the

16      possible resolution of the case and continues to assemble other materials that will bear on future

17      proceedings. The government is continuing to review the information provided and discussions

18      are ongoing.

19      c)      Counsel for defendant believes that failure to grant the above-requested

20      continuance would deny him/her the reasonable time necessary for effective preparation, taking

21      into account the exercise of due diligence.

22      d)      The government does not object to the continuance.

23      e)      Based on the above-stated findings, the ends of justice served by continuing the

24      case as requested outweigh the interest of the public and the defendant in a trial within the

25      original date prescribed by the Speedy Trial Act.

26      f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

27      et seq., within which trial must commence, the time period from May 21, 2020, to July 16, 2020,

28      inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1    because it results from a continuance granted by the Court at defendant's request on the basis of

2    the Court's finding that the ends of justice served by taking such action outweigh the best interest

3    of the public and the defendant in a speedy trial.

4         4.       Nothing in this stipulation and order shall preclude a finding that other provisions of the

5    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

6    must commence.

7         IT IS SO STIPULATED.

8

9    Dated:  May 21, 2020                                   McGREGOR W. SCOTT
                                                            United States Attorney

10                                                          /s/ JAMES R. CONOLLY
                                                            JAMES R. CONOLLY
11                                                          Assistant United States Attorney

12

13   Dated:  May 21, 2020                                   /s/ TIMOTHY ZINDEL
                                                            TIMOTHY ZINDEL
14                                                          Counsel for Defendant
                                                            HOWARD DUCE SIMON
15

16                                        **ORDER**

17        IT IS SO ORDERED.

18   Dated:  May 26, 2020

19

20   MORRISON C. ENGLAND, JR
     UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

     STIPULATION REGARDING EXCLUDABLE TIME          4
     PERIODS UNDER SPEEDY TRIAL ACT