1  McGREGOR W. SCOTT
   United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,            | CASE NO. 2:17-CR-151-MCE
12 |                     Plaintiff,        | STIPULATION REGARDING EXCLUDABLE
   |                                       | TIME PERIODS UNDER SPEEDY TRIAL ACT;
13 |           v.                          | ORDER
14 | HOWARD DUCE SIMON,                    | DATE: July 16, 2020
   |                                       | TIME: 10:00 a.m.
15 |                     Defendant.        | COURT: Hon. Morrison C. England, Jr.

16

17        This case was set for a status conference on July 16, 2020, and moved to July 23, 2020, on the

18 Court's on motion. The parties now request that the Court continue the status conference to September

19 17, 2020. To the extent it is needed, this stipulation supplements the basis for exclusion of time under

20 General Order 611, 612, and 617, and requests that the Court also exclude time under Local Code T4,

21 for the reasons set forth below.

22        On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

23 Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

24 continue all criminal matters to a date after June 1. This and previous General Orders were entered to

25 address public health concerns related to COVID-19.

26        Although the General Orders address the district-wide health concern, the Supreme Court has

27 emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

28 openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

STIPULATION REGARDING EXCLUDABLE TIME           1
PERIODS UNDER SPEEDY TRIAL ACT

*Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  The parties note that the Court has already designated

///

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME  
PERIODS UNDER SPEEDY TRIAL ACT

2

a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By this stipulation, defendant now moves to continue this hearing to September 17, 2020, at 10:00 a.m., and to exclude time between July 16, 2020, and September 17, 2020, under Local Code T4.

2. The parties agree and stipulate, and request that the Court find the following:

 a) The government has represented that the discovery associated with this case includes investigative and police reports, laboratory reports, and photographs.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

 b) Counsel for defendant desires additional time to consult with his client.  In addition, defense counsel has asked the government to review information bearing on the possible resolution of the case and continues to assemble other materials that will bear on future proceedings. The government is continuing to review the information provided and discussions are ongoing.

 c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

 d) The government does not object to the continuance.

 e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

 f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from July 16, 2020, to September 17, 2020, inclusive, is deemed excludable pursuant to this Court's General Orders, due to the public

health concerns created by the COVID-19 pandemic, as well to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  July 17, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Assistant United States Attorney

Dated:  July 17, 2020

/s/ TIMOTHY ZINDEL
TIMOTHY ZINDEL
Counsel for Defendant
HOWARD DUCE SIMON

**ORDER**

IT IS SO ORDERED.

Dated: July 28, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE