1  PHILLIP A. TALBERT
   Acting United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,              CASE NO.  2:17-CR-151-WBS

12                        Plaintiff,      STIPULATION REGARDING EXCLUDABLE
                                          TIME PERIODS UNDER SPEEDY TRIAL ACT;
13            v.                          FINDINGS AND ORDER

14 HOWARD DUCE SIMON,                     DATE: January 31, 2022
                                          TIME: 9:00 a.m.
15                        Defendant.      COURT: Hon. William B. Shubb

16

17        This case was set for a status conference on January 31, 2022.  By this stipulation, the parties

18 request that the Court continue the status conference to March 7, 2022, and to exclude time under the

19 Court's General Orders, as well under Local Code T4, for the reasons set forth below.

20        On May 13, 2020, this Court issued General Order 618, suspending all jury trials in the Eastern

21 District of California "until further notice."   Under General Order 618, a judge "may exercise his or her

22 authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's

23 prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion

24 in the Judge's discretion."  Gen. Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may

25 order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or

26 upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such

27 an order will impact court staff and operations."  Gen. Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This

28 and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4). [1]  The parties note that, by this stipulation, they are requesting the Court to designate a new date for the next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By this stipulation, defendant now moves to continue this hearing to March 7, 2022, at 9:00 a.m., and to exclude time between January 31, 2022, and March 7, 2022, under Local Code T4, as well as under the Court's General Orders.

2.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative and police reports, laboratory reports, and photographs.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time to consult with his client.  In addition, defense counsel has asked the government to review information bearing on the possible resolution of the case and continues to assemble other materials that will bear on future proceedings. The government is continuing to review the information provided and discussions are ongoing.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from January 31, 2022, to March 7, 2022, inclusive, is deemed excludable pursuant to this Court's General Orders, due to the public health concerns created by the COVID-19 pandemic, as well to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 26, 2022                    PHILLIP A. TALBERT
                                            Acting United States Attorney

                                            /s/ JAMES R. CONOLLY
                                            JAMES R. CONOLLY
                                            Assistant United States Attorney


Dated:  January 26, 2022                    /s/ TIMOTHY ZINDEL
                                            TIMOTHY ZINDEL
                                            Counsel for Defendant
                                            HOWARD DUCE SIMON


**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  January 26, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE