PHILLIP A. TALBERT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                   Plaintiff,<br><br>                    v.<br><br>HOWARD DUCE SIMON,<br><br>                                   Defendant. | CASE NO.  2:17-CR-151-WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: April 25, 2022<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

This case was set for a status conference on April 25, 2022.  By this stipulation, the parties request that the Court continue the status conference to July 25, 2022 at 9:00 a.m., and to exclude time under the Court's General Orders, as well under Local Code T4, for the reasons set forth below.

On May 13, 2020, this Court issued General Order 618, suspending all jury trials in the Eastern District of California "until further notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  Gen. Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  Gen. Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous General Orders were entered to address public health concerns related to COVID-19.

1      Although the General Orders address the district-wide health concern, the Supreme Court has

2   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

3   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

4   *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

5   exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at

6   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

7   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

8   or in writing").

9      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10  and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice

11  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

12  the ends of justice served by taking such action outweigh the best interest of the public and the

13  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless

14  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

15  ends of justice served by the granting of such continuance outweigh the best interests of the public and

16  the defendant in a speedy trial." *Id.*

17     The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code

18  T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

19  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

20  circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

21  following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court

22  recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United*

23  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

24  September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a

25  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

26     In light of the societal context created by the foregoing, this Court should consider the following

27  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

28

1  justice exception, § 3161(h)(7) (Local Code T4). [1]  The parties note that, by this stipulation, they are

2  requesting the Court to designate a new date for the next status conference.  *United States v. Lewis,* 611

3  F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

### STIPULATION

5  Plaintiff United States of America, by and through its counsel of record, and defendant, by and

6  through defendant's counsel of record, hereby stipulate as follows:

7  1.  By this stipulation, defendant now moves to continue this hearing to July 25, 2022, at

8  10:00 a.m., and to exclude time between April 25, 2022, and July 25, 2022, under Local Code T4, as

9  well as under the Court's General Orders.

10  2.  The parties agree and stipulate, and request that the Court find the following:

11  a)  The government has represented that the discovery associated with this case

12  includes investigative and police reports, laboratory reports, and photographs.  All of this

13  discovery has been either produced directly to counsel and/or made available for inspection and

14  copying.

15  b)  Counsel for defendant desires additional time to consult with his client.  In

16  addition, defense counsel has asked the government to review information bearing on the

17  possible resolution of the case and continues to assemble other materials that will bear on future

18  proceedings. The government is continuing to review the information provided and discussions

19  are ongoing.

20  c)  Counsel for defendant believes that failure to grant the above-requested

21  continuance would deny him/her the reasonable time necessary for effective preparation, taking

22  into account the exercise of due diligence.

23  d)  The government does not object to the continuance.

24  e)  Based on the above-stated findings, the ends of justice served by continuing the

25  case as requested outweigh the interest of the public and the defendant in a trial within the

26  original date prescribed by the Speedy Trial Act.

27

28
---
[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from April 25, 2022, to July 25, 2022, inclusive, is deemed excludable pursuant to this Court's General Orders, due to the public health concerns created by the COVID-19 pandemic, as well to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 20, 2022                          PHILLIP A. TALBERT
                                                United States Attorney

                                                /s/ JAMES R. CONOLLY
                                                JAMES R. CONOLLY
                                                Assistant United States Attorney

Dated:  April 20, 2022                          /s/ TIMOTHY ZINDEL
                                                TIMOTHY ZINDEL
                                                Counsel for Defendant
                                                HOWARD DUCE SIMON

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  April 20, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE